IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHERINE DOHANICZ, on behalf of herself and those similarly situated, 14504 Brackenfern Crescent Winter Garden, FL 34787<br><br>Plaintiff,<br><br>v.<br><br>UNDERWOOD-MEMORIAL HOSPITAL 509 North Broad Street Woodbury, NJ 08096<br><br>and<br><br>SOUTH JERSEY HEALTHCARE 509 North Broad Street Woodbury, NJ 08096<br><br>JOHN DOES 1-10<br><br>Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL ACTION FOR VIOLATIONS OF THE NEW JERSEY WAGE AND HOUR LAW AND NEW JERSEY WAGE PAYMENT LAW<br><br>CIVIL ACTION NO:<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

Katherine Dohanicz (hereinafter "Named Plaintiff"), on behalf of herself and those similarly situated (hereinafter collectively referred to as "Class Plaintiffs"), by and through undersigned counsel, hereby complains as follows against Defendant Underwood-Memorial Hospital, South Jersey Healthcare, and John Does 1-10 (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law (collectively "New Jersey Wage Laws"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and Class Plaintiffs proper overtime compensation

and wages for all hours worked, in violation of the FLSA and New Jersey Wage Laws. As a result of aforesaid unlawful actions, Named Plaintiff and Class Plaintiffs have suffered harm.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants.

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States. This Court has supplemental jurisdiction over Named Plaintiff's state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth above.

8. Defendant Underwood-Memorial Hospital is an entity which is located in New Jersey.

9. Defendant South Jersey Healthcare is an entity which is located in New Jersey.

10. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the

policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Class Plaintiffs proper compensation pursuant to the FLSA.

11. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and Class Plaintiffs.

12. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants in non-exempt positions subject to Defendants' unlawful pay practices and policies described herein and who worked for Defendants at any point in the three years preceding the date the instant action was initiated.

14. Named Plaintiff and Class Plaintiffs worked/work at different facilities of Defendants but were/are subjected to the same unlawful wage policies and practices described herein.

15. Named Plaintiff and Class Plaintiffs are similarly situated, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

16. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

17. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

18. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

19. The foregoing paragraphs are incorporated herein as if set forth in full.

20. In or around 1989, Named Plaintiff began working for Defendants as a Nurse.

21. On or about August 15, 2010, Defendants promoted Plaintiff to Charge Nurse.

22. Named Plaintiff and Class Plaintiffs are current and/or former hourly employees of Defendants, who within the last three years have been or are presently employed by Defendants.

### Unlawful Rounding Violations
### Named Plaintiff and Collective Plaintiffs

23. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

24. Defendants utilize a computerized system which tracks the exact time (accurate to 1 minute or less) an employee clocks in and clocks out of work.

25. Even though Defendants maintain a system which records, to the minute, the time an employee clocks in and clocks out, Defendants utilize a rounding system in computing payroll which rounds to 15-minute intervals.

26. Defendants round up to the next 15-minute interval if an employee clocks in no more than 7 minutes before the next 15-minute interval.

27. Defendants round down to the previous 15-minute interval if an employee clocks in no more than 8 minutes after the previous 15-minute interval.

28. Accordingly, by way of example, an employee who clocks in between 2:38 and 2:53 will be treated by Defendants' payroll computations as having clocked in at 2:45.

29. Defendants utilize the same rounding system for clock outs.

30. Accordingly, by way of example, an employee who clocks out between 11:08 and 11:23 will be treated by Defendants' payroll computations as having clocked out at 11:15.

31. Viewed in a vacuum, the rounding system utilized by Defendants appears to neither favor Defendants nor their employees as Defendants utilize the same rounding system when an employee clocks in or out.

32. However, Defendants utilize a disciplinary system to alter the seemingly neutral rounding system in a manner which transforms Defendants' rounding system into a system that is substantially rigged in Defendants' favor.

33. Per Defendants' employment policies, Named Plaintiff and Class Plaintiffs had to/have to clock in within 7 minutes before the start of their shift.

34. Per Defendant's employment policies, Named Plaintiff and Class Plaintiffs were/are subject to discipline if they clocked/clock in after the start of their shift.

35. Per Defendants' employment policies, Named Plaintiff and Class Plaintiffs had to/have to clock out within 8 minutes after the end of their shift unless they were/are working overtime.

36. As a result of these employment policies, Named Plaintiff and Class Plaintiffs (on information and belief) typically (at least approximately 67% of the time, if not more) clocked/clock in and began/begin working prior to the start of their shift, and as much as 7 minutes before the start of their shift.

37. Named Plaintiff and Class Plaintiffs (on information and belief) did/do not typically (at least approximately 67% of the time, if not more) arrive after the official start time of their shift, because if they did/do, they were/are subject to discipline.

38. Per Defendants' rounding system, none of the up to 7 minutes per day was/is paid as Defendants rounded/round this time to the next 15-minute interval, the official start time of Named Plaintiff's and Class Plaintiffs' shift.

39. Accordingly, at the start of an employee's shift, Defendants' rounding system is rigged in favor of Defendants because Defendants utilize their disciplinary system to ensure that, most of the time, the rounding which occurs at the start of the shift decreases the amount of compensable time Defendants pay their employees.

40. Put another way, an employee was/is subject to discipline if he or she was/is tardy in a manner which resulted/results in Defendants' rounding system increasing the compensable time by even a minute, but was/is not subject to discipline if the employee was/is early in a manner which resulted/resultss in Defendants' rounding system decreasing the compensable time by as much as 7 minutes.

41. Moreover, Named Plaintiff and Class Plaintiffs, at the end of the day, were/are to clock out after the official end time of their shift, but within 8 minutes of that time.

42. As a result of such a discipline policy, Named Plaintiff and Class Plaintiffs (on information and belief) did/do not typically leave work early; instead, they routinely (at least approximately 67% of the time, if not more) left/leave work and clocked/clock out between the end of their shift and 8 minutes thereafter.

43. This interaction between the disciplinary system and the rounding system has the effect of causing employees to routinely (at least approximately 67% of the time, if not more) leave work and clock out between the end of their shift and 8 minutes thereafter even in the

absence of the imposition of discipline, because employees are aware of the policy and clock out after the end of the shift in order to avoid such discipline.

44. Accordingly, at the end of an employee's shift, Defendants' rounding system was rigged in favor of Defendants because Defendants utilize their disciplinary system to ensure that, most of the time, the rounding which occurs at the end of the shift decreases the amount of compensable time Defendants pays their employees.

45. Accordingly, Defendants' rounding system unfairly benefits Defendants in that, most of the time, it resulted/results in Named Plaintiff and Class Plaintiffs being paid for less time than they actually worked/work.

46. Defendants have no good faith basis to use such a rigged rounding system as their time clocks record the actual clock in and clock out times to at least a one-minute accuracy.

47. Because Defendants' time clocks record the actual clock in and clock out times to at least a one-minute accuracy, Defendants have complete knowledge of all hours worked by Named Plaintiff and Class Plaintiffs, and have complete knowledge of all times Named Plaintiff and Class Plaintiffs worked/work in excess of forty hours a week.

48. Because Named Plaintiff and Class Plaintiffs routinely (as defined above) were/are paid for forty hours a week, but also routinely (as defined above) worked/work several extra minutes a day, these unpaid minutes were/are overtime minutes subject to the overtime premium pay requirements of the FLSA.

49. Because Named Plaintiff and Class Plaintiffs routinely (as defined above) worked/work additional hours in excess of forty hours a week, the several extra minutes a day that Defendants did/do not pay for pursuant to its rounding policy were/are overtime minutes subject to the overtime premium pay requirements of the FLSA.

50. Defendants' failure to pay this unpaid time resulted in Named Plaintiff and Class Plaintiffs being regularly denied proper overtime compensation.

51. Defendants are able to calculate the exact amount of unpaid overtime for Named Plaintiff and Class Plaintiffs by referring to their time clock records.

### "Off-The-Clock" Violations
### Named Plaintiff Only

52. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

53. During Named Plaintiff's tenure, she was responsible for several duties which Defendants required her to complete "off-the-clock."

54. These duties included the following:

   a. Named Plaintiff spent five to six hours each weekend preparing the schedule for the Sunday and Monday shifts and taking calls regarding changes in the schedule, call outs and replacements.

   b. Named Plaintiff spent twenty minutes each day before her shift reading and responding to work emails.

55. Defendants failed to pay Named Plaintiff wages for performing the aforementioned duties off-the-clock.

56. Additionally, Defendants failed to designate as overtime and pay an overtime rate for Named Plaintiff's off-the-clock work.

### Unlawful Lunch Deductions
### Named Plaintiff Only

57. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

58. Defendants automatically deducted 30 minutes of paid time from Named Plaintiff's paychecks for each day Named Plaintiff worked, whether or not Named Plaintiff took a bona-fide lunch break of at least 30 minutes.

59. During Named Plaintiff's tenure as a Charge Nurse, Named Plaintiff was required to have a Spectralink phone, provided by Defendants, on her person at all times so that staff members could contact her regarding schedule issues.

60. Accordingly, Named Plaintiff rarely, if ever, took a bona-fide 30 minute uninterrupted lunch break.

61. Accordingly, Defendants regularly docked Named Plaintiff for 30-minute lunch breaks which Named Plaintiff did not take, resulting in Named Plaintiff not being paid for all hours worked.

62. As Named Plaintiff routinely worked over 40 hours per workweek, this unpaid time resulted in Named Plaintiff being denied proper overtime compensation.

63. As a result of Defendants' conduct, as set forth above, Named Plaintiff has suffered damages.

## COUNT I
### Fair Labor Standards Act (FLSA)
### (Failure to Pay Overtime Compensation)
### (Named Plaintiff and Class Plaintiffs v. Defendants)

64. The foregoing paragraphs are incorporated herein as if set forth in full.

65. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the FLSA.

66. At all times relevant herein, Defendants were and are responsible for paying wages to Named Plaintiff and Class Plaintiffs.

67. At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendants as "employees" within the meaning of the FLSA.

68. Under the FLSA, an employer must pay an employee at least one and one half times his or her hourly rate for each hour worked in excess of forty hours per workweek.

69. Defendants' violations of the FLSA include, but are not limited to, unlawfully docking Named Plaintiff's and Class Plaintiffs' overtime pay by using a rigged rounding system which substantially favors Defendants.

70. Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs properly was and is willful and was and is not based upon any reasonably interpretation of the law.

71. As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Fair Labor Standards Act (FLSA)
### (Failure to Pay Overtime Compensation)
### (Named Plaintiff v. Defendants)

72. The foregoing paragraphs are incorporated herein as if set forth in full.

73. Defendants violated the FLSA by unlawfully requiring Named Plaintiff to complete work off-the-clock and docking Named Plaintiff's pay by 30 minutes each day, regardless of whether Named Plaintiff took a bona-fide 30 minute meal break.

74. Defendants' conduct in failing to properly pay Named Plaintiff was willful and was not based upon any reasonably interpretation of the law.

75. As a result of Defendants' unlawful conduct, Named Plaintiff has suffered damages as set forth herein.

## COUNT III
### New Jersey Wage and Hour Law
### (Failure to Pay Overtime Compensation)
### (Named Plaintiff v. Defendants)

76. The foregoing paragraphs are incorporated herein as if set forth in full.

77. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff.

78. At all times relevant herein, Named Plaintiff was employed by Defendants as an "employee" within the meaning of the New Jersey Wage Laws.

79. The New Jersey Wage Laws require a covered employer to compensate an employee at least one and one half times his or her regular rate for each hour worked in excess of forty hours per workweek.

80. Defendants' violations of the New Jersey Wage Laws include, but are not limited to, not paying Named Plaintiff any regular and overtime pay for regular and overtime hours she spent working off-the-clock.

81. Defendants' conduct in failing to pay Named Plaintiff properly was willful and was not based upon any reasonable interpretation of the law.

82. As a result of Defendants' unlawful conduct, Named Plaintiff has suffered damages as set forth herein.

## COUNT IV
### New Jersey Wage and Hour Law and New Jersey Wage Payment Law
### (Failure to Pay Wages – Off-the-Clock)
### (Named Plaintiff v. Defendants)

83. The foregoing paragraphs are incorporated herein as if set forth in full.

84. As discussed *super*, Defendants required Named Plaintiff to work off-the-clock by failing to pay her for work completed outside of the hospital.

85. As a result of Defendants' failure to pay Named Plaintiff wages earned, Defendants have violated the New Jersey Wage Laws and caused Named Plaintiff to suffer damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom in violation of federal and state wage and hour laws;

B. Defendants are to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

C. Named Plaintiff and Class Plaintiffs are to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

D. Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

E. Named Plaintiff and Class Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Justin Swidler*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: March 11, 2013

## **DEMAND TO PRESERVE EVIDENCE**

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiffs' employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.