SWARTZ SWIDLER, LLC
1878 Marlton Pike East, Suite 10
Cherry Hill, NJ 08003
By:    Justin L. Swidler, Esq.
          Attorneys for Plaintiff

ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ  08033
(856) 795-2121
By:    Christopher R. Gibson, Esquire
          David A. Rapuano, Esquire
          Attorneys for Defendant, Underwood-Memorial Hospital

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHERINE DOHANICZ, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br>v.<br>UNDERWOOD-MEMORIAL HOSPITAL, SOUTH JERSEY HEALTHCARE, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 1:13-cv-01464 JBS-JS |

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION OF THE PARTIES TO APPROVE SETTLEMENT AGREEMENT

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES.................................................................................................. ii

Facts………………………………………………………………………………………1

Law………………………………………………………………………………………2

Conclusion………………………………………………………………………………..4

## TABLE OF AUTHORITIES

### FEDERAL CASES

D.A. Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)……………………..........................2

Hohnke v. United States, 69 Fed. Cl. 170 (Fed. Cl. 2005)................................................2

Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982)......................2

### STATUTES

29 U.S.C. § 216 (c)……………………………………………………………………..2

## I.      Facts

On March 11, 2013, Plaintiff, a former employee of Defendant, Underwood Memorial Hospital ("UMH"), filed a complaint in this matter alleging that she had not been paid for all time worked while working as a nurse at UMH in violation of the Fair Labor Standards Act ("FLSA"), as well as the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law.

Count I of Plaintiff's complaint alleged that Defendant UMH's time clock rounding policy, as applied to Plaintiff and to a proposed class of similarly situated employees of UMH, violated the FLSA. Count I was pled as a collective action pursuant to 16(b) of the FLSA.

Counts II, III, and IV all consisted of individual claims by Plaintiff alleging that UMH had failed to pay her for all time worked and that, as a result, Plaintiff was denied both wages and overtime, in violation of the FLSA, the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law.

Defendant disputed these allegations and specifically argued that Plaintiff was not harmed by Defendant's rounding neutral policy and that she had been paid for all time she had actually worked. Defendant also disputed the amount of money Plaintiff claimed she was due for both working off the clock and for overtime compensation.

Upon demonstration to Plaintiff's satisfaction that she had never been an employee of South Jersey Healthcare ("SJH"), Plaintiff voluntarily dismissed SJH from this action by way of stipulation entered on August 1, 2013.

On August 1, 2013, a status conference was held with the Court. At this conference, Plaintiff acknowledged that, after reviewing time records provided by Defendant, she had not been negatively affected by Defendant's rounding policy and that she was, therefore, unable to represent a proposed class and would not be proceeding with the class claim. As a result,

Plaintiff has taken no action to seek to conditionally certify a class of plaintiffs in this case.

Thereafter, the parties engaged in settlement discussions between themselves and also participated in two settlement conferences with the Court. A settlement between the parties was reached with the assistance of the court at a settlement conference held on September 20, 2013.

The parties have memorialized their settlement in writing, which both parties support as a fair and reasonable resolution to Plaintiff's claims, acknowledging the bona fide factual disputes between the parties regarding liability and the amount of such liability.

## II.    Law

As noted above, part of Plaintiff's claims arise under the FLSA. The FLSA allows employees to settle and waive their claims under this statute if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. § 216(c). In the context of a private lawsuit, some courts have required court approval of the settlement as a fair compromise of a bona fide dispute before they will recognize such a settlement and waiver of claims under the FLSA. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982); Hohnke v. United States, 69 Fed. Cl. 170, 179 (Fed. Cl. 2005). See also D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n.8 (1946).[1] According to the Court in Lynn's Food Stores, "[i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." Lynn's Food Stores, 679 F.2d at 1354.

The settlement reached here is one that is appropriate for approval by the Court. The settlement arises out of an adversarial proceeding in which both parties were represented by

counsel and engaged in fact discovery.  The pleadings of the parties, as well as the documents

and information exchanged in discovery, reveal that there is a substantial and bona fide dispute

between the parties, particularly with respect to the number of hours of work Plaintiff claimed to

have worked and the resulting computation of the amounts allegedly due her.

Plaintiff claimed that she was not paid for time she spent sending emails before clocking

in or after clocking out; for performing scheduling work at home off the clock; and for taking

phone calls during her lunch break when she was not on the clock.  The calculation of Plaintiff's

counsel of the time allegedly spent on such tasks relied not on actual time records or records of

any actual work performed by Plaintiff, but were based on assumptions and estimates which

remained to be proven.  Defendant's position was that the time was not compensable, but, even if

it were, that the number of hours spent by Plaintiff would be far less than that estimated by

Plaintiff's counsel.[2]  This issue of the time spent was not only a bona fide dispute, but the

acknowledgement by both sides of the difficulties of the proofs provided the basis for the back

and forth negotiation which eventually resulted in the parties reaching a fair and mutually

agreeable settlement.

Further, prior to the agreement to reach a settlement of this action, Plaintiff's counsel

advised the Court and counsel for Defendant that Plaintiff withdrew her time clock rounding

claims.  Plaintiff's time clock rounding claim was the only claim for which she sought collective

action status (but for which she never formally moved before the Court for conditional class

certification).  Counsel for the Plaintiff stated that her withdrawal was based on his review of

Plaintiff's payroll records exchanged in discovery and the conclusion that Plaintiff did not have a

---

[1] Based on the parties' research, the Third Circuit has apparently not decided this issue of court approval of private
settlement agreements under the FLSA.  However, because other courts that have reached the issue have required
such court approval, the parties are filing this motion.

sustainable cause of action regarding this claim.

The parties have engaged in extensive settlement negotiations during this litigation, both amongst themselves and with the assistance of the Court. The parties also agree that the amount of the settlement and its terms are fair and reasonable in light of the parties' contentions.

The only other Defendant in this matter, South Jersey Healthcare, was voluntarily dismissed by stipulation of the Plaintiff, entered on June 17, 2013. As such, this settlement would fully and finally resolve this matter as to all parties.

## III.    Conclusion

Based on the above, the parties request that the Court approve the settlement agreement in this matter.

Respectfully submitted,

SWARTZ SWIDLER, LLC
1878 Marlton Pike East, Suite 10
Cherry Hill, NJ 08003

11/15/13

JUSTIN L. SWIDLER, Esq.
Attorney for Plaintiff


ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968

s/ David A. Rapuano, Esq
CHRISTOPHER R. GIBSON, Esq.
DAVID A. RAPUANO, Esq.
Attorneys for Defendant Underwood-
Memorial Hospital

10229296v1

---

[2] From an FLSA settlement perspective, it is important to note that this case does not involve a definitive set of recorded hours over which there is a legal dispute as to compensability (at straight to overtime wages).

4